UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

HAROLD B. SHAMBURGER,

        Plaintiff,

    v.

J. STEWART, et. al.,

        Defendants.

        No. C 12-6130 PJH (PR)

**ORDER TO SHOW CAUSE**

    Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

On March 31, 2006, defendants conducted an active/inactive review of plaintiff's gang validation status and retained him in the Secured Housing Unit (SHU).  Plaintiff alleges that defendants falsified allegations in retaliation for plaintiff's legal filings and helping other prisoners with their lawsuits.

As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.  California Civil Procedure Code § 352.1(a); *Johnson v. State of*

*California*, 207 F.3d 650, 654 (9th Cir. 2000).[1]  Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999).

This action was received by the court on November 26, 2012, more than six years after the event occurred and two years past the expiration of the statute of limitations.  Court records also indicate this action is substantially similar to a prior action that was dismissed, No. C 07-4597 JSW.  That case was closed on March 30, 2009, and affirmed on appeal by the Ninth Circuit.  Moreover, plaintiff attempted to file the exact copy of the complaint in this case as an amended complaint in that case after the case was closed.  Plaintiff shall show cause why this case should not be dismissed for being filed beyond the statute of limitations and as duplicative.

## CONCLUSION

Plaintiff shall show cause by **February 11, 2013**, why the case should not be dismissed for being filed beyond the statute of limitations and as duplicative.  If plaintiff does not establish that the claims are timely and not duplicative, or if he does not respond within the time allowed, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: January 23, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Shamburger6130.osc.wpd

---

[1] The two years of tolling is for prisoners serving less than a life term.  The court is not aware of plaintiff's sentence, but even with the two years tolling this claim is still untimely.  California Civil Procedure Code § 352.1(a)

3